**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                June 21, 2011

Courtroom Deputy: Nel Steffens
Court Reporter:    Suzanne Claar
Probation Officer: Justine Kozak

**Criminal Action No. 10-cr-00015-REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Susan "Zeke" Knox |
| Plaintiff, | |
| v. | |
| 2. CHALKIE DONALD LANGLEY, | Robert Berger |
| Defendant. | |

**SENTENCING MINUTES**

**11:45 a.m.   Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant declines the opportunity for allocution.

Ms. Knox declines the opportunity to make a statement.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

   • the **Government's Title 18 U.S.C. § 3553(e) and § 5K1.1 Motion for Downward Departure Based on Substantial Assistance** [#485] filed June 15, 2011, is **GRANTED**;

   • the **Government's Motion Regarding Acceptance of Responsibility** [#486] filed June 15, 2011, is **GRANTED**;

   • the government's **Motion To Dismiss Indictment and Remaining Counts of the Superceding** [sic] **Indictment** [#487] filed June 15, 2011, is **GRANTED**; that accordingly, the Indictment and the remaining counts of the Superseding Indictment are **DISMISSED** as to this defendant only;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count One of the Superseding Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **112 months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **five (5) years**; provided furthermore, that

within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

- all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment,

3

       the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10. That this court recommends that the Bureau of Prisons designate the defendant to both a medical facility and a facility at which he may participate in and complete the RDAP; and

11. That the defendant is remanded to the custody of the United States Marshal.

The Defendant waives formal advisement of appeal.

**12:00 p.m.   Court in recess.**

Total time in court:   00:15

Hearing concluded.